IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 4:15 pm, Apr 17, 2018

WILLIAM A. ACREE,

    Plaintiff,

v.

WARDEN STANLEY WILLIAMS; D.W. BOBBITT; ARLISSA HUNT; JAVAKA JOHNSON; OFFICER BILLUPS; MS. JACKSON; and PRISONER MAPP,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-106

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Plaintiff also filed a Motion for Preliminary Injunction and a Motion for Summary Judgment. (Docs. 13, 14.) For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint based on his failure to state a claim, **DISMISS as moot** Plaintiff's pending Motions, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this

**PLAINTIFF'S ALLEGATIONS**

Plaintiff asserts he informed Defendants Billups, Hunt, and Johnson he was having an unspecified "problem" with his roommate, Defendant Mapp, yet Defendants Billups, Hunt, and Johnson did nothing to help Plaintiff. (Doc. 1, p. 5.) Plaintiff contends Defendant Mapp assaulted him the next day as a result of Defendants Billups, Hunt, and Johnson's failure to help with his roommate. In addition, Plaintiff alleges Defendants Jackson and Hunt were "over the building" and were advised of "the problem" but allowed Plaintiff to get injured. (Id.) Plaintiff mentions in passing that he wrote Defendants Williams and Jackson, but he fails to state when he wrote to these Defendants or what he stated in his writing. (Id. at p. 4.) Plaintiff also names as a Defendant Deputy Warden Bobbitt.

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening,

---

finding, and the presiding district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond). Additionally, Plaintiff has the opportunity to amend his Complaint to correct the deficiencies noted in this Report and Recommendation. See Fed. R. Civ. P. 15. Should Plaintiff seek to amend his Complaint, he must file any desired amendment within **fourteen (14) days** from the date of this Report and Recommendation.

the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Claims Against Defendant Mapp

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. "A private person is only viewed as acting under color of state law if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly attributed to the State." Mosley v. Medlin, No. CV 313-086, 2014 WL 3110027, at *6 (S.D. Ga. July 7, 2014) (citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)).

Plaintiff fails to set forth any allegations indicating that Defendant Mapp, a fellow inmate, is a person acting under color of state law or that Defendant Mapp's alleged actions deprived Plaintiff of a constitutional right. In addition, Plaintiff has failed to assert any such

4

nexus between the State and Defendant Mapp's alleged actions. Id. (citing Thomas v. Thomas, CV507-77, 2008 WL 80305, at *1 (S.D. Ga. Jan.7, 2008) (dismissing Section 1983 claim against a fellow inmate where no nexus alleged between State and challenged action)).

Thus, the Court should **DISMISS** Plaintiff's claims against Defendant Mapp based on Plaintiff's failure to meet the most basic pleading requirement. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Iqbal, 556 U.S. at 678; Hale, 50 F.3d at 1582.

## II. Plaintiff's Claims Against Defendants Williams and Bobbitt

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*.[2] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

---

[2] The principle that *respondeat superior* is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

It appears Plaintiff seeks to hold Defendants Williams and Bobbitt liable solely based on their supervisory positions as Warden and Deputy Warden at Georgia State Prison. However, Plaintiff fails to present any facts indicating there is a causal connection between any actions or inaction of these Defendants and the alleged violation of Plaintiff's constitutional rights. He does not allege that these Defendants were personally involved in the conditions that he complains of or that the conditions resulted from some custom or policy these Defendants promulgated or maintained. Plaintiff also fails to plausibly allege that these Defendants directed the allegedly unlawful conditions or ignored a widespread history of abuse in this regard. In fact, Plaintiff fails to make any factual allegations against Defendants Williams and Bobbitt, let alone even conclusory allegations that these Defendants were aware of or were personally responsible for the alleged violations of Plaintiff's constitutional rights. Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendants Williams and Bobbitt.

### III. Plaintiff's Failure to Protect Claims Against Defendants Hunt, Johnson, Billups, and Jackson

Plaintiff's contentions that he informed Defendants Hunt, Johnson, Billups, and Jackson he had a problem with his roommate implicate the Eighth Amendment's proscription against cruel and unusual punishment. That proscription imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099–100 (11th Cir. 2014). While "[p]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners[, i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into a constitutional liability. . . ." Purcell ex rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1319 (11th Cir. 2005) (citing Farmer v. Brennan, 511 U.S. 825 (1994)).

6

To show an Eighth Amendment violation, a plaintiff must "allege facts sufficient to show '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (quoting Hale, 50 F.3d at 1582). The Court assesses the first element—a substantial risk of serious harm—under an objective standard. Caldwell, 748 F.3d at 1099. The objective component requires a plaintiff to show that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004).

The second element—defendants' deliberate indifference to a substantial risk of serious harm—has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).[3] The "subjective knowledge of a risk of serious harm" component requires a defendant to have "actual knowledge that an inmate faced a substantial risk of serious harm[.]" Caldwell, 748 F.3d at 1099.

Thus, "[t]o be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

---

[3] Eleventh Circuit case law on whether a claim of deliberate indifference requires "more than *gross* negligence" or "more than *mere* negligence" is contradictory. Compare Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007), with Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). In Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016), the Eleventh Circuit found "more than mere negligence" to be the appropriate standard. 841 F.3d at 1223 n.2. Even so, at least two unpublished, Eleventh Circuit cases post-Melton have continued to use the "gross negligence" standard. See, e.g., Woodyard v. Ala. Dep't of Corr., 2017 WL 2829376 (11th Cir. June 30, 2017); Sifford v. Ford, 2017 WL 2874517 (11th Cir. July 6, 2017); see also Harris v. Prison Health Servs., 706 F. App'x 945, 951 (11th Cir. 2017) (noting lack of clarity between "more than mere negligence" and "more than gross negligence" and declining to decide issue). However, because the Eleventh Circuit explicitly addressed this issue in Melton, this Court will apply the "more than mere negligence" standard.

7

that inference.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell, 400 F.3d at 1319–20). "[S]imple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Id. (quoting Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)); see also Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003) ("[M]erely negligent failure to protect an inmate from attack does not justify liability under section 1983 . . . .") (quotations and citations omitted).

"[A]n excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm." Purcell, 400 F.3d at 1320. A prisoner has a right . . . to be reasonably protected from constant threat of violence . . . from his fellow inmates." Id. at 1320–21 (citing Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973)). However, prison officials are not held liable for every attack by one inmate upon another, Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986), nor are they guarantors of a prisoner's safety. Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990). Rather, a prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather than a mere possibility" before his failure to protect an inmate can be said to constitute deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Thus, to state an Eighth Amendment failure to protect claim, Plaintiff must show that Defendants knew that Plaintiff faced a risk of injury and that risk was a strong likelihood.

Plaintiff fails to allege that Defendants knew Plaintiff's roommate posed a specific threat to Plaintiff's safety. Plaintiff only alleges he informed Defendants Hunt, Johnson, Billups, and Jackson he had an unspecified problem with his roommate the day before his roommate attacked him. Accepting Plaintiff's allegations as true, which the Court must at this stage of the proceedings, the most he alleges against these Defendants is that he had an unspecified problem

8

with his roommate.  Plaintiff does not even allege that he informed Defendants Hunt, Johnson, Billups, and Jackson that him roommate had threatened to harm him or that the roommate otherwise posed a threat to his safety.  By simply knowing that Plaintiff had "a problem" with his roommate, Defendants could not have known that the roommate posed a risk of injury to Plaintiff, much less that the risk of injury was a strong likelihood.  Moreover, Plaintiff has failed to plausibly allege that Defendants Hunt, Johnson, Billups, or Jackson drew such an inference.  Consequently, Plaintiff has failed to meet both the objective and subjective prongs of a deliberate indifference claim.  See Proctor v. Georgia ex rel. Olens, No. 5:12-CV-342 HL, 2013 WL 3063527, at *8 (M.D. Ga. June 17, 2013) ("Nowhere in the first amended complaint does Plaintiff specifically allege that any particular Defendant was 'aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists' and that any specific Defendant also 'drew that inference.'") (quoting Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003)).

For all of these reasons, the Court should **DISMISS** Plaintiff's claims against Defendants Hunt, Johnson, Billups, and Jackson.

## IV.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687,

---

[4]  A certificate of appealability is not required in this Section 1983 action.

9

691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to state a claim and **DISMISS as moot** Plaintiff's pending Motions. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

However, Plaintiff may amend the Complaint to cure any deficiencies noted in this Report and Recommendation.  See Fed. R. Civ. P. 15.  Should Plaintiff seek to amend the Complaint, Plaintiff must file the amended complaint within **fourteen (14) days** from the date of this Report and Recommendation.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 17th day of April, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA