IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIAM A. ACREE,

    Plaintiff,

v.

WARDEN STANLEY WILLIAMS; D.W. BOBBITT; ARLISSA HUNT; JAVAKA JOHNSON; OFFICER BILLUPS; MS. JACKSON; and PRISONER MAPP,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-106

## ORDER

Presently before the Court are Plaintiff's Objections, (doc. 18), to the Magistrate Judge's Report and Recommendation dated April 17, 2018, (doc. 15), and Plaintiff's Amended Complaint, (doc. 19). For the reasons which follow, the Court **SUSTAINS in part** and **OVERRULES in part** Plaintiff's Objections and **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's Report and Recommendation. The Court **DISMISSES** Plaintiff's claims against Defendants Williams and Bobbitt, **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal on those claims, **DISMISSES** Plaintiff's injunctive relief Motion, (doc. 13), and **DISMISSES as premature** Plaintiff's Motion for Summary Judgment, (doc. 14).

However, the Court finds Plaintiff sets forth colorable Eighth Amendment claims against Defendants Hunt, Johnson, Billups, Jackson, and Mapp. Consequently, a copy of Plaintiff's Complaint, Amended Complaint, (docs. 1, 19), and a copy of this Order shall be served upon Defendants Hunt, Johnson, Billups, Jackson, and Mapp by the United States Marshal without prepayment of cost.

## BACKGROUND

Plaintiff filed his Complaint on August 3, 2017. (Doc. 1.) In his Complaint, Plaintiff asserted he informed Defendants Billups, Hunt, and Johnson he was having an unspecified "problem" with his roommate, Defendant Mapp, yet Defendants Billups, Hunt, and Johnson did nothing to help Plaintiff. (Doc. 1, p. 5.) Plaintiff contended Defendant Mapp assaulted him the next day as a result of Defendants Billups, Hunt, and Johnson's failure to help with his roommate. In addition, Plaintiff alleged Defendants Jackson and Hunt were "over the building" and were advised of "the problem" but allowed Plaintiff to get injured. (Id.) Plaintiff mentioned in passing that he wrote Defendants Williams and Jackson, but he failed to state when he wrote to these Defendants or what he stated in his writing. (Id. at p. 4.) Plaintiff also named as a Defendant Deputy Warden Bobbitt.

The Magistrate Judge recommended Plaintiff's Complaint be dismissed because Plaintiff failed to state a claim upon which relief can be granted. (Doc. 15.) Specifically, the Magistrate Judge noted Plaintiff could not hold Defendants Williams and Bobbitt liable based on their supervisory positions. (Id. at p. 6.) The Magistrate Judge also concluded Plaintiff had failed to make sufficient factual allegations against Defendants Mapp, Hunt, Johnson, Billups, and Jackson. (Id. at pp. 4–5, 6–9.) The Magistrate Judge advised Plaintiff he could amend his Complaint to cure the deficiencies noted in the Report and Recommendation. (Id. at pp. 2 n.1, 11.)

In response, Plaintiff filed Objections to the Report and Recommendation and an Amended Complaint,[1] (docs. 18, 19), to which the Court now turns.

---

[1] "A party may amend its pleading once as a matter of course before being served with a responsive pleading." Miller v. R.L. Conway, 331 F. App'x 664, 665 (11th Cir. 2009) (citing Fed. R. Civ. P. 15(a)(1)). An amended complaint ordinarily supersedes the initial complaint and becomes the operative pleading in a case. Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). However, in this

## DISCUSSION

### I. Claims Against Defendants Williams and Bobbitt

In his Amended Complaint, Plaintiff maintains Defendants Williams and Bobbitt failed to supervise their subordinates.[2] (Doc. 19, pp. 1, 2.) Plaintiff asserts Defendants Williams and Bobbitt "knew" their subordinates "would act unlawfully" and failed to stop them from doing so. (Id.) Plaintiff alleges Georgia State Prison has a high rate of violence, the conditions at the facility are generally dangerous, and there is overcrowding and understaffing. (Id.) Plaintiff contends Defendants Williams and Bobbitt were "aware of complaints and there are records referring the problem." (Id. at p. 2.)

Plaintiff's desired amendment as to Defendants Williams and Bobbitt does not cure the deficiency of his original Complaint that the Magistrate Judge noted. Plaintiff merely seeks to hold Defendants Williams and Bobbitt liable for the acts of their subordinates under a theory of *respondeat superior*. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009) (noting that Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998) (same). What is more, Plaintiff makes no more than conclusory allegations against Defendants Williams and Bobbitt, and these conclusory allegations fail to indicate Defendants Williams and Bobbitt are responsible for the alleged actions of their subordinates.

---

case, Plaintiff's desired amendment cures the deficiencies of his original Complaint. "The law generally favors the consideration of all potential claims under one complaint." Little v. Groome Transp. of Georgia, Inc., No. CIV.A 1:07-CV-0455-J, 2008 WL 4280362, at *3 (N.D. Ga. Sept. 15, 2008). Thus, it is more appropriate to consider Plaintiff's desired amendment as a supplement to Plaintiff's Complaint rather than as his Amended Complaint, although the Court refers to Plaintiff's Amended Complaint as such.

[2] Plaintiff actually only mentions Defendant Bobbitt and then dedicates the rest of the paragraph to generalizations relating to Defendant Williams' alleged acts and omissions. (Doc. 19, p. 2.) The Court presumes Plaintiff intended the assertions in this paragraph to relate to Defendant Bobbitt.

3

Accordingly, the Court **OVERRULES** Plaintiff's Objections relating to Defendants Williams and Bobbitt, **ADOPTS** this portion of the Magistrate Judge's Report and Recommendation, and **DISMISSES** Plaintiff's claims against Defendants Williams and Bobbitt.

II.     **Claims Against Defendants Hunt, Johnson, Billups, and Jackson**

In his Amended Complaint, Plaintiff asserts he informed Defendants Hunt, Johnson, Billups, and Jackson that Defendant Mapp "was mad" at him and "threaten[ed] to harm" him and asked to be moved. (Doc. 19, pp. 2–3.) Plaintiff asserted in his original Complaint Defendant Mapp assaulted him the day after Plaintiff informed Defendants Hunt, Johnson, Billups, and Jackson of Defendant Mapp's threats. (Doc. 1, p. 5.) Plaintiff's contentions that he informed Defendants Hunt, Johnson, Billups, and Jackson he had a problem with his roommate implicate the Eighth Amendment's proscription against cruel and unusual punishment. That proscription imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099–1100 (11th Cir. 2014). While "[p]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners[, i]t is not, however, every injury suffered by one prisoner at the hands of another that translates into a constitutional liability. . . ." Purcell ex rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1319 (11th Cir. 2005) (citing Farmer v. Brennan, 511 U.S. 825 (1994)).

To show an Eighth Amendment violation, a plaintiff must "allege facts sufficient to show '(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (quoting Hale, 50 F.3d at 1582). The Court assesses the first element—a substantial risk of serious harm—under an objective standard. Caldwell, 748 F.3d at 1099. The objective component requires a plaintiff to

4

show that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Chandler v. Crosby, 379 F.3d 1278, 1289–90 (11th Cir. 2004).

The second element—defendants' deliberate indifference to a substantial risk of serious harm—has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).[3] The "subjective knowledge of a risk of serious harm" component requires a defendant to have "actual knowledge that an inmate faced a substantial risk of serious harm[.]" Caldwell, 748 F.3d at 1099.

Thus, "[t]o be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (per curiam) (quoting Purcell, 400 F.3d at 1319–20). "[S]imple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Id. (quoting Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982)); see also Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003) ("[M]erely negligent failure to protect an

---

[3] Eleventh Circuit case law on whether a claim of deliberate indifference requires "more than *gross* negligence" or "more than *mere* negligence" is contradictory. Compare Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007), with Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). In Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016), the Eleventh Circuit found "more than mere negligence" to be the appropriate standard. 841 F.3d at 1223 n.2. Even so, at least two unpublished, Eleventh Circuit cases post-Melton have continued to use the "gross negligence" standard. See, e.g., Woodyard v. Ala. Dep't of Corr., 2017 WL 2829376 (11th Cir. June 30, 2017); Sifford v. Ford, 2017 WL 2874517 (11th Cir. July 6, 2017); see also Harris v. Prison Health Servs., 706 F. App'x 945, 951 (11th Cir. 2017) (per curiam) (noting lack of clarity between "more than mere negligence" and "more than gross negligence" and declining to decide issue). However, because the Eleventh Circuit explicitly addressed this issue in Melton, this Court will apply the "more than mere negligence" standard.

inmate from attack does not justify liability under section 1983 . . . .") (quotations and citations omitted).

"[A]n excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm." Purcell, 400 F.3d at 1320. A prisoner has a right . . . to be reasonably protected from constant threat of violence . . . from his fellow inmates." Id. at 1320–21 (citing Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973)). However, prison officials are not held liable for every attack by one inmate upon another, Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986), nor are they guarantors of a prisoner's safety. Popham v. City of Talladega, 908 F.2d 1561, 1564 (11th Cir. 1990). Rather, a prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather than a mere possibility" before his failure to protect an inmate can be said to constitute deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Thus, to state an Eighth Amendment failure to protect claim, Plaintiff must show that Defendants knew that Plaintiff faced a risk of injury and that risk was a strong likelihood.

Plaintiff arguably alleges Defendants Hunt, Johnson, Billups, and Jackson were made aware of a specific threat to Plaintiff's safety and deliberately failed to protect him from the threatened assault at the hands of Plaintiff's cellmate, Defendant Mapp. Thus, the Court **SUSTAINS** Plaintiff's Objections in this regard and finds that Plaintiff has made a colorable Eighth Amendment claim against Defendants Hunt, Johnson, Billups, and Jackson.

### III. Claims Against Defendant Mapp

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v.

6

Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. The state-actor requirement traditionally precludes suit against a private party under Section 1983, because a private party may qualify as a state actor for Section 1983 purposes only in "rare circumstances." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). The Eleventh Circuit Court of Appeals recognizes that a private party may be liable as a "state actor" for a constitutional violation only in the following circumstances: (1) "the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[] ('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (alterations in original) (quoting NBC, Inc. v. Comm'cns Workers of Am., 860 F.2d 1022, 1026–27 (11th Cir. 1988)).

In his Amended Complaint, Plaintiff asserts Defendant Billups gave Mapp "the green light to get me. Mapp was giv[en] the okay by a person acting under color of state law (Billups) to attack me." (Doc. 19, pp. 4–5.) Because Defendant Mapp presumably used an excessive amount of force against Plaintiff, the Eighth Amendment is again implicated. The Eighth Amendment's proscription governs the amount of force that prison officials are entitled to use against inmates. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The subjective

component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, courts consider the following factors: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (per curiam) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)).

The Court would not ordinarily permit service on a fellow inmate, as the Magistrate Judge correctly concluded. However, in this case, Plaintiff states a plausible claim that Defendant Mapp was a state actor under the "state compulsion claim," as he alleges Defendant Billups, a state prison official, allowed Defendant Mapp to assault Plaintiff. Accordingly, the Court **SUSTAINS** Plaintiff's Objections and finds Plaintiff states a colorable Eighth Amendment claim for relief against Defendant Mapp.

## IV. Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment, requesting that the Court decide at least some part of this case without a trial. (Doc. 14.) Plaintiff submitted an attachment to this Motion, which does not appear to be related to Plaintiff's instant case. (Doc. 14-1.)

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the burden of demonstrating the absence of a

genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

Plaintiff's Motion before the Court is premature. The Court has ordered service of Plaintiff's Complaint, as amended, in the present Order. As a result, the parties have not had any opportunity to conduct discovery. "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, 120 F.3d 248, 254 (11th Cir. 1997) (per curiam). No such discovery has occurred here. Regardless, Plaintiff has failed to present evidence at this point to warrant granting summary judgment. Adigun v. Express Scripts, Inc., No. CV 216-39, 2017 WL 1199754, at *1 (S.D. Ga. Mar. 30, 2017), *reconsideration denied*, 2017 WL 5618284 (S.D. Ga. Nov. 21, 2017). Consequently, the Court **DISMISSES as prematurely filed** Plaintiff's Motion for Summary Judgment.

V.     **Motion for Injunctive Relief (Doc. 13)**

To be entitled to a preliminary injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to

prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

Similarly, a plaintiff requesting a permanent injunction must satisfy the following four-factor test:

> (1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Thus, "[t]he standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success." Siegel v. LePore, 234 F.3d 1163, 1213 (11th Cir. 2000) (Carnes, J., dissenting). In either case, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton, 272 at 1326.

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude

toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time. Specifically, at this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims or that injunctive relief is necessary to prevent irreparable injury. This is not to say that Plaintiff will not eventually be able to obtain injunctive relief. Rather, the Court will not interfere at this time on the facts before it. Accordingly, the Court **DISMISSES** Plaintiff's Motion for injunctive relief at this time.

## REMAINING CLAIMS AND DEFENDANTS

As stated above, Plaintiff states colorable Eighth Amendment claims against Defendants Hunt, Johnson, Billups, Jackson, and Mapp. Consequently, a copy of Plaintiff's Complaint, Amended Complaint, (docs. 1, 19), and a copy of this Order shall be served upon Defendants Hunt, Johnson, Billups, Jackson, and Mapp by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will

first mail a copy of the complaint to defendants by first-class mail and request that defendants waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

<u>Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.</u>

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. <u>See generally</u> Fed. R. Civ. P. 26 *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local R. 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. <u>See</u> Fed. R. Civ. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes

of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a defendant. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendants may initiate. Upon no less than five (5) days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits

setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

## CONCLUSION

Based on the foregoing, the Court **SUSTAINS in part** and **OVERRULES in part** Plaintiff's Objections and **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's Report and Recommendation. The Court **DISMISSES** Plaintiff's claims against Defendants Williams and Bobbitt, **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal on those claims, **DISMISSES** Plaintiff's injunctive relief Motion, (doc. 13), and **DISMISSES as premature** Plaintiff's Motion for Summary Judgment, (doc. 14). Plaintiff's Eighth Amendment claims against Defendants Hunt, Johnson, Billups, Jackson, and Mapp shall remain pending.

**SO ORDERED**, this 11th day of September, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA